Honorable O. P. Lockhart, page 2.

non-participating; and also policies of industrial life insurance under Article 4764b, providing for no participation privileges. The ordinary life business is profitable but the industrial life business shows a loss, and the Company's whole operations (including life, health and accident) show no profit.

"The Company does conduct its life, health and accident business in separate departments. We desire your opinion as to whether in these circumstances the Company can lawfully pay dividends to the holders of ordinary participating life policies."

Article 4729, Vernon's Annotated Civil Statutes provides:

"No life insurance company organized under the laws of this State shall declare or pay any dividends to its policy holders, except from the profits made by such company. This shall not prohibit the issuance of policies guaranteeing a definite payment or reduction in premiums not exceeding the expense loading on said premiums. Where said reduction exceeds said expense loading, the proper reserve therefor must be held by the company to provide for the deficiency so arising in the net premium, but this shall not apply to payments to holders of special or board contracts heretofore issued. No such life insurance company shall declare or pay any dividends to its stockholders, except from profits made by such company, not including surplus arising from sale of stock."

Article 4753, Vernon's Annotated Civil Statutes, reads as follows:

"It shall not be lawful for any insurance company organized under the laws of this State to make any dividends, except from surplus profits arising from its business. In estimating

Honorable O. P. Lockhart, page 3.

such profits, there shall be reserved therefrom the lawful reserve on all unexpired risks and also the amount of all unpaid losses, whether adjusted or unadjusted, and all other debts due and payable, are to become due and payable, by the company. Any dividends made contrary to any provision of this Article shall subject the company making them to a forfeiture of its charter; and the Commissioner shall forthwith revoke its certificate of authority. He shall give such company at least ten days notice in writing of his intention to revoke said certificate, stating specifically the reasons why he intends to revoke the same."

Article 5036, Vernon's Annotated Civil Statutes provides:

"No life, health, fire, marine or inland insurance company, organized under the laws of this State, shall make any dividends except from the surplus profits arising from its business. In estimating such profits, there shall be reserved therefrom a sum equal to forty per cent of the amount received as premiums on unexpired fire risks and policies, and one hundred per cent of the premiums received on unexpired life, health, marine or inland transportation risks and policies, which amount so reserved is hereby declared to be unearned premiums. There shall also be reserved the amount of all unpaid losses, whether adjusted or unadjusted; all sums due the company on bonds, mortgages, stocks and book accounts, of which no part of the principal or the interest thereon has been paid during the year preceding such estimate of profits, and upon which suit for foreclosure or collection has not been commenced or which after judgment has been obtained thereon shall have remained more than two years unsatisfied, and upon which interest shall not have been paid. In case of any such judgment, the interest due or accrued thereon and remaining unpaid shall also be reserved. Any dividends made contrary to the provisions of this

Article shall subject the company making it to
a forfeiture of its charter, and the commis-
sioner shall forthwith revoke its certificate
of authority."

Article 4716, Vernon's Annotated Civil Statutes
provides in part:

". . . . The 'profits' of a company are
that portion of its funds not required for
payment of losses and expenses, nor set apart
for any other purpose required by law."

Article 4717, Vernon's Annotated Civil Statutes
authorizes any three or more citizens of this State to
associate themselves for the purpose of forming a life
insurance company or an accident insurance company or
life and accident, health and accident, or life, health
and accident insurance company and prohibits any such
company from transacting more than one of the foregoing
classes of business except in separate and distinct
departments. With reference to the company under
consideration you state in your letter:

"The Company does conduct its life, health
and accident business in separate departments.
. . ."

You further state:

". . . . The ordinary life business is pro-
fitable but the industrial life business shows
a loss, and the Company's whole operations (includ-
ing life, health and accident) show no profit."

After a careful search we have failed to find
any case where the appellate courts of this State have
passed upon a question like or similar to the one under
consideration. However, to correctly answer your ques-
tion as stated above, we think that it is necessary to
determine whether the company as a whole must have sur-
plus profits arising from its business from which it can
legally pay dividends under the above mentioned statutes
or whether each or any of such separate and distinct

departments can legally pay dividends to the policy holders in such department or departments where and when no profits are available in other departments of the company to pay dividends. Carefully considering the above mentioned statutes together, it is our opinion, that the company as a whole must have surplus profits from which it can legally pay dividends and that surplus profits in one or more departments and not all of the departments of the company will not authorize the payment of dividends to the policy holders in those departments having surplus profits while other departments of the company show losses or the company as a whole shows no profits. It is apparent that it was the intention and purpose of the Legislature to protect the company and the policy holders and that the above mentioned statutes only authorize the payment of dividends to policy holders when the company as a whole has such surplus profits from which it can legally pay dividends. There is no authorization for the payment of dividends to policy holders by separate and distinct departments of the company. The company as a whole must have such surplus profits from which it can legally pay dividends before any dividends can be paid. Therefore, we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:MBR

APPROVED JUL 18, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN